UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| FERNANDO L. GUZMAN, | ) | 1:11cv0372 AWI DLB |
| | ) | |
| Plaintiff, | ) | ORDER DISMISSING COMPLAINT |
| | ) | WITH LEAVE TO AMEND |
| v. | ) | |
| BANK OF AMERICA, et al., | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff Fernando L. Guzman ("Plaintiff"), appearing pro se and proceeding in forma pauperis, filed the instant action on March 3, 2011. He challenges the validity of foreclosure on certain real property and names Bank of America, Recontrust Company, Does I through X and ROE Corporations I through V, as defendants.

**DISCUSSION**

A.  Screening Standard

Pursuant to 28 U.S.C. § 1915(e)(2), the court must conduct an initial review of the complaint for sufficiency to state a claim. The court must dismiss a complaint or portion thereof if the court determines that the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). If the court determines that the complaint fails to state

1

a claim, leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment.

In reviewing a complaint under this standard, the Court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Trustees of Rex Hospital, 425 U.S. 738, 740 (1976), construe the pro se pleadings liberally in the light most favorable to the Plaintiff, Resnick v. Hayes, 213 F.3d 443, 447 (9th Cir. 2000), and resolve all doubts in the Plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

B.   Plaintiff's Allegations

Plaintiff challenges the validity of foreclosure on residential property located in Fresno, California. According to the complaint, Plaintiff executed a Short Form Deed of Trust and Assignment of Rents to "Alan-David:Tikal," Trustee of the KATN Revocable Living Trust.[1] Complaint, ¶ 3 and Exhibit C. On or about January 14, 2011, Plaintiff executed a substitution of trustee that purported to substitute Alan-David: Tikal as trustee in place of Defendant Recontrust Company. Complaint, ¶ 2 and Exhibit B.

Thereafter, David Alan-Tikal allegedly sent the Short Form Deed of Trust and Assignment of Rents and the purported substitution to Defendants Bank of America and Recontrust Company. Plaintiff alleges that Defendants Bank of America and Recontrust Company did not "honor the filings with a cease and desist." Instead, Defendant Recontrust Company served Plaintiff with a Notice of Trustee Sale and Election to Sell Under Deed of Trust. Complaint, ¶ 5.

Plaintiff challenges the validity of foreclosure and seeks declaratory and injunctive relief.

C.   Deficiencies of the Complaint

  1.   Failure to Satisfy Federal Rule of Civil Procedure 8

As a threshold issue, Plaintiff's complaint fails to satisfy Federal Rule of Civil Procedure 8. Although the caption references multiple causes of action, the complaint fails to allege facts sufficient to state a claim. Rule 8 requires a plaintiff to "plead a short and plain statement of the

---

[1] Alan-David: Tikal is variously referred to as "David Alan-Tikal" and "Alan David; Tikal." Complaint, ¶ 3 and p. 5.

1  elements of his or her claim, identifying the transaction or occurrence giving rise to the claim and
2  the elements of the prima facie case." Bautista v. Los Angeles County, 216 F.3d 837, 840 (9th
3  Cir. 2000).
4       A pleading may not simply allege a wrong has been committed and demand relief. The
5  underlying requirement is that a pleading give "fair notice" of the claim being asserted and the
6  "grounds upon which it rests." Yamaguchi v. United States Dep't of Air Force, 109 F.3d 1475,
7  1481 (9th Cir. 1997). Despite the flexible pleading policy of the Federal Rules of Civil
8  Procedure, a complaint must give fair notice and state the elements of the claim plainly and
9  succinctly. Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). A plaintiff
10 must allege with at least some degree of particularity overt facts which defendant engaged in to
11 support plaintiff's claim. Id. at 649. A complaint does not suffice "if it tenders 'naked
12 assertion[s]' devoid of 'further factual enhancement.'" Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949
13 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 557 (2007). The United States
14 Supreme Court has explained:

15     While, for most types of cases, the Federal Rules eliminated the cumbersome requirement that a claimant "set out *in detail* the facts upon which he bases his claim," Conley v.
16     Gibson, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957) (emphasis added), Rule 8(a)(2) still requires a "showing," rather than a blanket assertion, of entitlement to relief.
17     Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only "fair notice" of the nature of the claim, but
18     also "grounds" on which the claim rests.

19 Twombly, 550 U.S. at 556, n. 3.
20      The instant complaint is 6 pages in length, but contains only 13 sentences of "relevant
21 facts." Further, it omits the most essential facts, including Defendants' relationship to the
22 underlying Deed of Trust. While the complaint contains some facts and requested relief, it does
23 not contain any causes of action and provides little, if any, factual support for any alleged
24 wrongful acts. The complaint therefore lacks specific, clearly defined facts or valid, cognizable
25 legal theories as to defendants. In sum, the complaint fails to give defendants fair notice of the
26 claims against them. As discussed more fully below, Plaintiff will be given an opportunity to
27 amend his complaint to comply with Rule 8.
28

### 2. Doe and Roe Defendants

Plaintiff names Does I-X and Roes I-V as defendants in this action. "As a general rule, the use of 'John Doe' to identify a defendant is not favored." Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980). Plaintiff is advised that Doe or Roe defendants cannot be served by the United States Marshal until Plaintiff has identified them as actual individuals and amended his complaint to substitute names for the Doe and Roe defendants. For service to be successful, the Marshal must be able to identify and locate defendants.

## D. Legal Standards

### 1. Failure of Tender

Insofar as Plaintiff is attempting to enjoin a foreclosure sale, his complaint fails to allege that he tendered the amount of the debt owed. Under California law, a defaulted borrower is "required to allege tender of the amount of [the lender's] secured indebtedness in order to maintain any cause of action for irregularity in the sale procedure." Abdallah v. United Sav. Bank, 43 Cal.App.4th 1101, 1109 (1996); see also Lopez v. Chase Home Finance, LLC, 2009 WL 1120318, *6 (E.D. Cal. 2009) (stating that "to enjoin a foreclosure sale due to non-judicial foreclosure defects, the [borrower] must in good faith tender amounts to cure the default"); Yazdapanah v. Sacramento Valley Mortgage Group, 2009 WL 4573381,*7 (N.D.Cal.2009) (stating that "[w]hen a debtor is in default ..., and a foreclosure is either pending or has taken place, the debtor must allege a credible tender of the amount of the secure debt to maintain any cause of action for wrongful foreclosure").

"The rules which govern tenders are strict and are strictly applied." Nguyen v. Calhoun, 105 Cal.App.4th 428, 439 (2003). "The tenderer must do and offer everything that is necessary on his part to complete the transaction, *and must fairly make known his purpose without ambiguity*, and the act of tender must be such that it needs only acceptance by the one to whom it is made to complete the transaction." Gaffney v. Downey Savings & Loan Assn., 200 Cal.App.3d 1154, 1165 (1988) (emphasis in original). The debtor bears "responsibility to make an unambiguous tender of the entire amount due or else suffer the consequence that the tender is of no effect." Id.

1  Plaintiff's complaint does not reference his tender of indebtedness.  Plaintiff will be given
2  leave to amend his complaint to correct this defect if he is able to do so.

3      2.    Quiet Title

4  To the extent that Plaintiff seeks to quiet title, the complaint fails to allege the required
5  elements for a quiet title claim.

6  California Code of Civil Procedure section 761.020 mandates a "verified" complaint for a
7  quiet title action to include: (1) a legal description and street address of the subject real property;
8  (2) the title of the plaintiff as to which determination is sought and the basis of the title; (3) the
9  adverse claims to the title of the plaintiff against which a determination is sought; (4) the date as
10 of which the determination is sought; and (5) a prayer for the determination of the title of the
11 plaintiff against the adverse claims.

12 Here, the complaint fails to establish "adverse claims" to Plaintiff's title, if any.  A deed
13 of trust "carries none of the incidents of ownership of the property, other than the right to convey
14 upon default on the part of the debtor in payment of his debt ." Lupertino v. Carbahal, 35
15 Cal.App.3d 742, 748, 111 Cal.Rptr. 112 (1973).  Plaintiff has not alleged that Defendants have
16 an interest in the property subject to a quiet title claim.

17 Moreover, a quiet title claim is doomed in the absence of Plaintiff's tender. "It is settled
18 in California that a mortgagor cannot quiet his title against the mortgagee without paying the debt
19 secured." Shimpones v. Stickney, 219 Cal. 637, 649, 28 P.2d 673 (1934); see Mix v. Sodd, 126
20 Cal.App.3d 386, 390, 178 Cal.Rptr. 736 (1981) ("a mortgagor in possession may not maintain an
21 action to quiet title, even though the debt is unenforceable"); Aguilar v. Bocci, 39 Cal.App.3d
22 475, 477, 114 Cal.Rptr. 91 (1974) (trustor is unable to quiet title "without discharging his debt").
23 With the complaint's absence of a meaningful ability or willingness to tender Plaintiff's
24 indebtedness, Plaintiff cannot maintain a quiet title claim.

25     3.    Substitution of Trustee

26 Plaintiff also fails to demonstrate proper substitution of a trustee.  In other words,
27 Plaintiff has not alleged that the substitution of KATN (or Alan-David: Tikal) was properly
28 effectuated pursuant to the California Civil Code.  Under California Civil Code section 2934a(1),

a trustee under a trust deed upon real property may be substituted only by (1) all of the *beneficiaries* under the trust; or (2) the holders of more than 50 percent of the record beneficial interest of a series of notes secured by the same real property or of undivided interests in a note secured by real property equivalent to a series transaction. Plaintiff's complaint is devoid of factual information regarding the circumstances of the purported substitution of trustee.

E.    <u>Conclusion</u>

Based on the above, Plaintiff's complaint is DISMISSED WITH LEAVE TO AMEND. In amending his complaint, Plaintiff is informed that the Court cannot refer to a prior pleading in order to make his amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supercedes the original complaint. See <u>Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967)</u>. Once Plaintiff files an amended complaint, the original pleading no longer serves any function in the case.

Plaintiff may file an amended complaint within **fourteen (14) days** of the date of service of this order. Plaintiff's complaint should be clearly titled, "First Amended Complaint," and shall refer to the case number assigned to this action. It must contain a short and plain statement of his claims and must clearly set forth the causes of action alleged against each Defendant. If Plaintiff does not file an amended complaint within this time frame and in accordance with this order, the Court will recommend that this action be dismissed for failure to state a claim.

IT IS SO ORDERED.

**Dated:   March 9, 2011**               /s/ Dennis L. Beck
                                                  UNITED STATES MAGISTRATE JUDGE