# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| FERNANDO L. GUZMAN, | ) | 1:11cv0372 AWI DLB |
| | ) | |
| Plaintiff, | ) | FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF ACTION |
| v. | ) | |
| BANK OF AMERICA, et al., | ) | |
| Defendants. | ) | |

Plaintiff Fernando L. Guzman ("Plaintiff"), appearing pro se and proceeding in forma pauperis, filed the instant action on March 3, 2011. He challenges the validity of foreclosure on certain real property and names Bank of America, Recontrust Company, Does I through X and ROE Corporations I through V as defendants. He names HomEq Servicing and Wells Fargo Bank as Defendants.

On March 10, 2011, the Court dismissed the complaint, but granted Plaintiff leave to file an amended complaint. The Court provided Plaintiff with the relevant legal standards and directed Plaintiff to file an amended complaint within fourteen (14) days. More than fourteen (14) days have passed and Plaintiff has failed to file an amended complaint.

For the reasons discussed below, the Court recommends that this action be dismissed for failure to follow a Court order and failure to state a claim.

**DISCUSSION**

Local Rule 110 provides that "failure of counsel or of a party to comply with these Local Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "[i]n the exercise of that power they may impose sanctions including, where appropriate, . . . dismissal." Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. See, e.g. Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); Malone v. United States Postal Serv., 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. Thompson, 782 F.2d at 831; Henderson, 779 F.2d at 1423-24; Malone, 833 F.2d at 130; Ferdik, 963 F.2d at 1260-61; Ghazali, 46 F.3d at 53.

In the instant case, the Court finds that the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket weigh in favor of dismissal. This case has been pending since early March 2011, and Plaintiff has been given opportunity to correct the

deficiencies in his complaint.[1]  The third factor, risk of prejudice to defendants, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action.  Anderson v. Air West, Inc., 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor -- public policy favoring disposition of cases on their merits -- is greatly outweighed by the factors in favor of dismissal discussed herein.  Finally, a court's warning to a party that his failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement.  Ferdik, 963 F.2d at 1262; Malone, 833 at 132-33; Henderson, 779 F.2d at 1424.  The Court's March 10, 2010, order requiring Plaintiff to file an amended complaint expressly stated: "If Plaintiff does not file an amended complaint within this time frame and in accordance with this order, the Court will recommend that this action be dismissed for failure to state a claim."  Thus, Plaintiff had adequate warning that dismissal would result from his noncompliance with the Court's order and his failure to state a claim.

## RECOMMENDATION

Accordingly, the Court HEREBY RECOMMENDS that this action be DISMISSED for failure to follow a court order and for failure to state a claim.

These findings and recommendations will be submitted to the Honorable Anthony W. Ishii, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **thirty (30) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified

---

[1] Plaintiff's complaint concerns the purported transfer of residential property to David Alan-Tikal, as trustee of the KATN Revocable Living Trust.  Plaintiff attempted to substitute Mr. Tikal as trustee in place of Defendant Recontrust Company on a deed of trust for the real property.

It appears that Mr. Tikal was arrested in February 2011 on a fugitive warrant and charged with 31 felony counts, including real estate and mortgage securities fraud, grand theft and filing phony documents.  The indictments arise out of his conduct in Alameda County, California.  Stanislaus County has also launched an investigative probe into unnamed mortgage elimination scams.

Mr. Tikal and the KATN Trust also were named in two recent civil lawsuits filed in Stanislaus County Superior Court by Wells Fargo Bank.  The suits relate to allegedly bogus home transactions in Modesto and Ceres, California.  Wells Fargo Bank v. Leon, et al., Case No. 660603; Wells Fargo Bank v. Lopez, et al., Case No. 660954.

time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

    IT IS SO ORDERED.

**Dated:**   **April 4, 2011**           /s/ **Dennis L. Beck**
                                          UNITED STATES MAGISTRATE JUDGE